UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DALE WILLIAMSON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:20-cv-266-JRW |
| ) | |
| UNIVERSITY OF LOUISVILLE ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN RESPONSE TO MOTION TO DISMISS

For his Memorandum in Response to the Motion to Dismiss [DN 4] of Defendant University of Louisville, Plaintiff Dale Williamson states as follows:

ALLEGATIONS IN THE COMPLAINT

At all times relevant to his Complaint, Plaintiff was a resident of Indiana. Plaintiff filed his Complaint on March 19, 2020, in the Jefferson Circuit Court in Louisville, Kentucky. Plaintiff asserts claims for Negligence, Breach of Contract and Discrimination resulting from his attendance at the Defendant University of Louisville ("UofL").[1]

Plaintiff has a learning disability diagnosed since childhood. In 2015, Plaintiff was provided specific Title II documentation prescribing accommodations that were required to provide Plaintiff a fair opportunity to learn and acquire skills. Among those accommodations were extra time on all tests and writing assignments.

Plaintiff was enrolled as a student at UofL and maintained an impressive grade point average. UofL accepted Plaintiff's tuition at the beginning of each semester and promised to provide the required accommodations. By way of example, Plaintiff was issued a DRC letter

---

[1] In his proposed Amended Complaint, Plaintiff does not assert a claim for negligence.

that generally provided: a) extra time (1.5x) for the submission of written assignments; b.) alternative print material; c.) confidentiality; and, d) a scribe for certain written communications.

In the summer semester of 2018, however, UofL failed to provide the required accommodations. UofL's DRC letter provided two separate provisions for extensions of time. UofL placed the Plaintiff in the position of having to negotiate extensions every time one was needed. UofL provided no real assurance of actual accommodations, just the promise that any request would be given consideration. UofL did not provide Plaintiff's professors with information concerning what conditions required favorable consideration. Further, UofL did not provide Plaintiff's professors with clear criteria for determining whether an extension would be granted. As a result of these failures, it was impossible for Plaintiff's professors to ascertain which of the two provisions in the DRC letter applied to Plaintiff's journal assignment. In addition, Plaintiff was denied adequate accommodations for his journal assignment resulting in a non-passing grade of EF.

Plaintiff first pursued his administrative remedies by filing two separate grievances with UofL to address the course from the summer of 2018 and to engage in negotiations. In response to the filings, UofL caused a new DRC letter to be issued for Plaintiff; however, the new letter was just as defective as Plaintiff's first DRC letter. The new DRC letter offered Plaintiff no actual assurance of accommodations. The letter only suggested consideration, and as a result, Plaintiff was denied accommodations.

Knowing UofL's instructors would deny Plaintiff's accommodations, Plaintiff filed a Complaint (03-19-2202) with the Office of Civil Rights of the United States Department of Education. The OCR dismissed the Complaint because Plaintiff was not enrolled in classes at UofL while he tried to remedy his DRC letter. UofL has now placed a hold on Plaintiff's

transcripts and enrollment and Plaintiff cannot transfer to a different school that will provide actual accommodations for his disability.

UofL distributes a Faculty Handbook to Plaintiff's professors specifically addressing requests for extra time from students with disabilities. UofL' Faculty Handbook (under the section titled "DEADLINES") expressly discourages and advises against providing deadline extensions to students with disabilities. Specifically, UofL expressly instructs its professors to "use caution" when addressing accommodations. UofL warns its professors the extensions create a "vicious cycle" resulting in "incompletes." As a result of the policy above, Plaintiff's professors feared disciplinary action from UofL if they provided the extra time that appeared arbitrary in the DRC letter.

## ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

On May 4, 2020, Plaintiff filed his Motion for Leave of Court to File an Amended Complaint [DN 9]. Plaintiff's proposed Amended Complaint is an Exhibit to the Motion [DN 9-1]. Specifically, Plaintiff asserted the following:

- a) On November 21, 2018, Brian Bigelow issued his response to Plaintiff's second grievance ruling in favor of Plaintiff.
- b) Bigelow found the DRC letter in place during the fall of 2018 was defective for the same reason as the letter in place during the summer of 2018.
- c) Plaintiff properly addressed and remedied the discrimination as of November 21, 2018.
- d) As a result of Bigelow's findings, Plaintiff intended to attend classes in the spring semester of 2019.

e) Through the enrollment process, Plaintiff learned that his grades were not corrected despite the favorable rulings.

f) On April 12, 2019, UofL notified Plaintiff in writing that it now believed the defective DRC letters were not defective. On April 12, 2019, UofL refused to provide a new DRC letter.

g) In retaliation for the grievances above, UofL began demanded Plaintiff repay money previously supplied through a Pell Grant on or about April 12, 2019.

h) In retaliation for the grievances above, UofL placed a hold on Plaintiff's transcripts and enrollment to prevent Plaintiff from transferring to a different school that will provide actual accommodations for his disability.

i) On April 12, 2019, UofL refused to allow Plaintiff to attend classes unless he waives his rights under ADA. UofL continues to refuse to allow Plaintiff to attend classes.

j) On April 12, 2019, UofL refused to provide accommodations to Plaintiff unless he signed a waiver stating UofL had not done anything wrong.

k) When Plaintiff followed up, UofL stated they considered the matter closed and would not address the DRC letter.

l) Essentially, UofL said that Plaintiff could enroll and attend class but it would not be issuing a new DRC letter or make any effort to ensure accommodations were provided.

  m)    To date, UofL continues to refuse to provide the required accommodations or issue DRC letters consistent with their findings in response to the grievances.

## ARGUMENT

UofL seeks to avoid liability here arguing for dismissal based on an analogous statute of limitations argument and immunity with respect to the negligence and breach of contract claims.

1. The applicable statute of limitations.

Plaintiff filed his disability discrimination claim under the Americans with Disabilities Act. Title II of the ADA (28 C.F.R. § 35.130(a)) prohibits UofL from discriminating against Plaintiff based on his disability. Section 504 at 34 C.F.R. § 104.4(a) similarly prohibits discrimination based on Plaintiff's disability. The ADA does not provide a statute of limitations.

While a one-year personal injury statute of limitations has been previously considered, the matter is certainly not resolved as a matter of law. This Court could apply KRS § 413.120, a more general statute that provides a five year statute of limitations. In that instance, Plaintiff's claims based on the original complaint are timely filed. Indeed, KRS § 413.120, Kentucky's five year statute of limitations period covers among other things " …(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability." Plaintiff's claims arise as a matter of fixed policy set forth in UofL's Faculty Handbook leading to continuous violations of the ADA's statutory protections.

In ERISA claims, by way of example, the Sixth Circuit applies Kentucky's five-year statute of limitation to alleged violations of ERISA's statutory protections. *See, e.g., Fallin v.*

*Commonwealth Industries, Inc*., Civil Action 3:07CV-196-H. "When the plaintiff's complaint arises more from statutory protections than from an independent promise or contract, the most analogous state law statute of limitations is KRS § 413.120 where liability is created by statute (rather than KRS § 413.090)." *Id*. This Court recognized: that ERISA, like the ADA, "is a statutory edifice. Federal law applies to its enforcement. Indeed, Plaintiffs' case arises almost entirely from that statutorily created enforcement scheme, thus making Ky. Rev. Stat. § 413.120(2), which places a five-year limitation period on '[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability,' the clearly appropriate limitations period." *Fallin v. Commonwealth Industries, Inc*., Civil Action 3:07CV-196-H.

Similarly, Civil Rights claims brought in Kentucky are governed by the five-year statute of limitations. *Ammerman v. Bd. of Educ*., 30 S.W.3d 793, 798 (Ky. 2000). Claims for discrimination brought under the Kentucky Civil Rights Act must be commenced within five years after the claim accrues. *Leonard v. Corr. Cabinet*, 828 S.W.2d 668, 670 (Ky. App. 1992) ("The applicable statute of limitations period for a state civil rights claim pursuant to KRS 344.450 is five years. KRS 413.120(2).").

Notwithstanding, Plaintiff alleges that *each* DRC letter is in fact a violation of the ADA and constitutes a separate act of discrimination. Plaintiff further alleges that he addressed these issues through UofL's grievance process and received a favorable ruling in November of 2018. During the grievance process, UofL admitted discrimination and acknowledged Plaintiff was entitled to an improved DRC letter that assured appropriate accommodations. Despite the favorable ruling, UofL refused to issue a new DRC letter or provide accommodations. In April of 2019, UofL refused Plaintiff's enrollment unless he signed a waiver of his ADA rights and

6

release UofL from liability. Further, in April of 2019, UofL refused to release Plaintiff's transcripts so that he could attend a university that would provide accommodations. At that time, UofL said it considered the matter closed and would no longer discuss accommodations with Plaintiff.

Plaintiff's Complaint does not seek redress for some lingering effects of the 2018 discriminatory acts. Rather, Plaintiff addressed and favorably resolved the 2018 discrimination through UofL's grievance procedure. In his current Complaint, Plaintiff seeks to address UofL's refusal in April of 2019 to provide a new DRC letter and allow him to attend classes with accommodations. This is the result of a long-standing fixed and continuous approach to accommodations set forth in UofL's Faculty Handbook. Plaintiff has established "a continuing violation." *Perez v. Laredo Junior College*, 706 F.2d 731, 733 (5th Cir.1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984).

The continuing violations doctrine preserves claims that would otherwise be time-barred if the plaintiff can show a continuous and ongoing violation of his rights. *Phillips v. Cohen*, 3 F.Appx. 212, 218 (6th Cir. 2001). The Sixth Circuit recognizes two types of continuing violations, "those alleging serial violations and those identified with a longstanding and demonstrable policy of discrimination." *Sharpe v. Cureton*, 319 F.3d 259, 288 (6th Cir. 2003). Plaintiff argues both types of continuing violations are present here.

The continuing violation doctrine is inherently designed to address systemic, policy-based discrimination or injury. *Cuco v. Fed. Med. Ctr.-Lexington*, 2006 WL 1635668, at *30, n.12 (E.D. Ky. June 9, 2006). The facts surrounding a discrimination claim are uniquely suited to a continuing violation.

7

Plaintiff is seeking redress for a discriminatory approach expressly set forth in UofL's Faculty Handbook. The Handbook expressly discourages and advises against providing deadline extensions to students with disabilities. It requires professors to "use caution" when providing accommodations warning of a "vicious cycle" resulting in "incompletes."

When Plaintiff was subjected to discrimination in 2018, he filed grievances through UofL and was successful. By November of 2018, UofL admitted that Plaintiff's DRC letters were defective and provided no real accommodations. Rather, the letters required Plaintiff to negotiate the time schedule for each assignment, which is exactly what the ADA was enacted to prevent. Upon receipt of the successful decisions, Plaintiff sought re-enrollment in 2019. In April of 2019, Plaintiff was informed that UofL would not issue new DRC letters and Plaintiff's only option was to release his ADA claims. The April 2019 events are sufficient to give rise to a claim and are sufficient to survive UofL's Motion to Dismiss. Indeed, Plaintiff filed his Complaint in March of 2020, within the one year statute of limitations for personal injury claims.

2. Plaintiff's Breach of Contract Claim

Plaintiff argues his initial Complaint adequately detailed the contractual relationship between the parties at this time. Through the payment of monies and the execution of enrollment documents, a contractual relationship is created.

Plaintiff promises to pay his tuition and assist the school in obtaining funds through Pell Grants and Indiana Vocational Rehabilitation. In exchange for payment, UofL promises to make education available without discrimination. Plaintiff has amended his Complaint specifically identifying third-party contracts to which Plaintiff is a third-party beneficiary. Through discovery, Plaintiff will provide extensive additional evidence of said contracts.

CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny UofL's Motion to Dismiss.

Respectfully submitted,

/s/ W. Edward Skees
W. Edward Skees
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN 47150
Phone: (812) 944-9990
Fax:    (812) 944-8033
Email: ed@skeeslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the following attorney(s) of record:

Donna King Perry
Matthew Barszcz
DINSMORE & SHOHL, LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
E-Mail:  Donna.Perry@dinsmore.com
E-Mail:  Matthew.Barszcz@dinsmore.com

*/s/ W. Edward Skees*
Counsel for Plaintiff