UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DALE WILLIAMSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:20-cv-266-JRW |
| | ) | |
| UNIVERSITY OF LOUISVILLE | ) | |
| | ) | |
| Defendant. | ) | |

*FILED ELECTRONICALLY*

**AMENDED COMPLAINT**

\* \* \* \* \* \*

For his Amended Complaint against University of Louisville ("UofL"), Plaintiff Dale Williamson, (collectively referred to hereinafter as "Plaintiff") state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Dale Williamson is an Indiana resident. He resides at 2914 S. Walford Dr. Jeffersonville IN 47130.

2. University of Louisville is a state and federal funded public university. UofL has at least three campuses, and its principal office is listed with the Kentucky Secretary of State as Office of University Counsel, University of Louisville, Louisville, Kentucky 40292.

3. This Court has Jurisdiction pursuant to section 203 of the Act, 42 U.S.C. 12133 and pursuant to the Americans with Disabilities Act of 1990 (ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504).

4. Venue is proper in Louisville as Defendant's principal office is located in, and Defendant regularly conducts business in, Jefferson County, Kentucky.

5.  The amount in controversy exceeds the minimum amount for jurisdiction in this Court.

## FACTS

6.  Plaintiff has a learning disability diagnosed since childhood.

7.  In 2015, Plaintiff was provided specific Title II documentation prescribing accommodations that were required to provide Plaintiff a fair opportunity to learn and acquire skills.

8.  Among those accommodations were extra time on all tests and writing assignments.

9.  Plaintiff was enrolled as a student at UofL and maintained an impressive grade point average.

10. UofL accepted Plaintiff's tuition at the beginning of each semester and promised to provide the required accommodations.

11. Plaintiff was a third-party beneficiary of money and resources UofL accepted from Indiana Vocational Rehabilitation specifically marked for Plaintiff's education.

12. Plaintiff was a third-party beneficiary of money and resources UofL accepted in the form of Federal Pell Grants specifically marked for Plaintiff's education.

13. By way of example, Plaintiff was issued a DRC letter that generally provided:

    a.  Extra time (1.5x) for the submission of written assignments;

    b.  Alternative print material;

    c.  Confidentiality; and,

    d.  A scribe for certain written communications.

14. In the summer semester of 2018, however, UofL failed to provide the required accommodations.

15. Plaintiff filed a grievance and OCR complaint to address this situation.

16. Plaintiff received a favorable ruling on or about November 21, 2018.

17. The ruling determined that UofL's failure occurred because:

    a. The DRC letter provided two separate provisions for extensions of time.

    b. UofL placed the Plaintiff in the position of having to negotiate extensions every time one was needed.

    c. UofL provided no real assurance of actual accommodations, just the promise that any request would be given consideration.

    d. UofL did not provide Plaintiff's professors with information concerning what conditions required favorable consideration.

    e. UofL did not provide Plaintiff's professors with clear criteria for determining whether an extension would be granted.

18. As a result of these failures, it was impossible for Plaintiff's professors to ascertain which of the two provisions in the DRC letter applied to Plaintiff's journal assignment.

19. As a result of these failures, Plaintiff was denied adequate accommodations for his journal assignment resulting in a non-passing grade of EF.

20. The favorable ruling required UofL to issue a new DRC letter and provide Plaintiff with an opportunity to attend UofL free of discrimination.

21. Plaintiff attempted to retake classes in fall semester of 2018.

22. Around that same time, UofL caused a new DRC letter to be issued for Plaintiff; however, the new letter was just as defective as Plaintiff's first DRC letter.

23. Accordingly, the new DRC letter offered Plaintiff no actual assurance of accommodations. The letter only suggested consideration.

24. Knowing UofL's instructors would deny Plaintiff's accommodations, Plaintiff filed a Complaint (03-19-2202) with the Office of Civil Rights of the United States Department of Education. The OCR dismissed the Complaint because Plaintiff was not enrolled in classes at UofL while he tried to remedy his DRC letter.

25. However, on November 21, 2018, Brian Bigelow issued his response to Plaintiff's second grievance. Again, UofL ruled in favor of Plaintiff finding the DRC letter in place during the fall of 2018 was defective for the same reason as the letter in place during the summer of 2018.

26. Accordingly, Plaintiff properly addressed and remedied the situation as of November 21, 2018.

27. Plaintiff then intended to attend classes in the spring semester of 2019.

28. Through the enrollment process, Plaintiff learned that his grades were not corrected despite the favorable rulings.

29. On April 12, 2019, UofL notified Plaintiff in writing that it believed the defective DRC letters were not defective. On April 12, 2019, UofL refused to provide a new DRC letter.

30. In retaliation for the grievances above, UofL began demanding Plaintiff repay money previously paid through a Pell Grant on or about April 12, 2019.

31. In retaliation for the grievances above, UofL placed a hold on Plaintiff's transcripts and enrollment to prevent Plaintiff from transferring to a different school that will provide actual accommodations for his disability.

32. On April 12, 2019, UofL refused to allow Plaintiff to attend classes unless he waives his rights under ADA. UofL continues to refuse to allow Plaintiff to attend classes.

33. On April 12, 2019, UofL refused to provide accommodations to Plaintiff unless he signed a waiver stating UofL had not done anything wrong.

34. When Plaintiff followed up, UofL stated they considered the matter closed and would not address the DRC letter.

35. Essentially, UofL said that Plaintiff could enroll and attend class but it would not be issuing a new DRC letter or make any effort to ensure accommodations were provided.

36. To date, UofL continues to refuse to provide the required accommodations or issue DRC letters consistent with their findings in response to the grievances.

37. UofL attracts students, and did in fact attract Plaintiff as a student, by advertising that it adheres to the ADA and willingly provides accommodations or students with disabilities.

38. UofL distributed a Faculty Handbook to Plaintiff's professors specifically addressing requests for extra time from students with disabilities.

39. Unbeknownst to Plaintiff, UofL' Faculty Handbook (under the section titled "DEADLINES") expressly discourages and advises against providing deadline extensions to students with disabilities.

    a. UofL expressly instructs its professors to "use caution"

    b. UofL warns its professors the extensions create a "vicious cycle" resulting in "incompletes."

40. As a result of the policy above, Plaintiff's professors fear disciplinary action from UofL if they provide the extra time that appears arbitrary in the DRC letters.

41. As a result of the policy above, Plaintiff's professors felt required to deny accommodations such as extra time.

## COUNT I - DISCRIMINATION

42. Plaintiff adopts by reference the averments of the preceding paragraphs as if fully set forth herein.

43. Generally, Title II of the ADA (28 C.F.R. § 35.130(a)) prohibits UofL from discriminating against Plaintiff based on his disability.

44. Section 504 at 34 C.F.R. § 104.4(a) similarly prohibits discrimination based on Plaintiff's disability.

45. Despite its statutory, regulatory and legal obligation to provide accommodations for Plaintiff's disabilities, UofL's professors were provided a weak, vague DRC letter that offered no guidance.

46. In November 21, 2018, UofL's Brian Bigelow issued a favorable ruling on Plaintiff's prior grievances. Essentially, UofL acknowledged that it had failed to provide accommodations.

47. Relying on the November 21, 2018 favorable ruling, Plaintiff attempted to return to class.

48. In the process of attempting a re-enrollment, Plaintiff learned that UofL would not provide any accommodations.

49. Specifically, on April 12, 2019 UofL stated that it would not provide any accommodations and would not provide a new DRC letter.

50. On April 12, 2019 UofL refused to allow Plaintiff to enroll unless he waived his rights under the ADA in writing.

51. To date, UofL continues to refuse to provide the required accommodations.

52. To date, UofL continues to refuse to allow Plaintiff to transfer his credits or issue a transcript.

53. UofL's actions constitute continuing discrimination based on disability.

54. The actions above attributable to UofL were intentional and designed to discriminate against Plaintiff.

55. The actions above attributable to UofL were the direct and intentional result of policies in UofL's Faculty Handbook that discouraged and/or prohibited accommodations.

56. Plaintiff has suffered damages, and will continue to suffer damages, as a result of UofL's actions.

57. Plaintiff has been damaged in an amount to be determined at trial.

## COUNT II – BREACH OF CONTRACT

58. Plaintiff adopts by reference the averments of the preceding paragraphs as if fully set forth herein.

59. Upon information and belief, there is an express written contract between Indiana Vocational Rehabilitation and UofL whereby UofL accepts money and resources from Indiana Vocational Rehabilitation on Plainitff's behalf.

60. Upon information and belief, there is an express written contract whereby UofL accepts money and resources from the Federal Pell Grant program on Plaintiff's behalf.

61. In exchange for the money and resources, UofL agrees to provide education, resources and accommodations for Plaintiff.

62. Plaintiff is a third-party beneficiary under the contracts.

63. Plaintiff performed his obligations under the parties' contract.

64. UofL breached the parties' contract by refusing to perform its obligations under the parties' contract.

65. Plaintiff has suffered damages, and will continue to suffer damages, as a result of UofL's breach of the contracts above.

66. Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

Plaintiff prays for a trial by jury. In addition, Plaintiff prays for relief in the form of a money judgment in his favor against UofL; compensatory and equitable damages; equitable relief removing the classes at issue from his scholastic record; releasing his transcripts and other relief as appropriate including, but not limited to costs, attorney fees; and all other relief to which they may be entitled.

Respectfully submitted,

*/S/ W. Edward Skees*

W. Edward Skees
THE SKEES LAW OFFICE
415 W. 1ST STREET
NEW ALBANY, IN 47150
(812) 944-9990
(812) 944-8033 (facsimile)
ed@skeeslegal.com