# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**Filed Electronically**

| | |
|---|---|
| DALE WILLIAMSON ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:20-cv-00266-DJH |
| ) | |
| UNIVERSITY OF ) | |
| LOUISVILLE ) | |
| ) | |
| DEFENDANT ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Williamson has alleged two claims in his Amended Complaint against the University: disability discrimination and breach of contract. Both these claims are barred as a matter of law and Williamson has failed to state a claim for which relief may be granted. First, the conduct giving rise to his claim for disability discrimination claim occurred outside the applicable statute of limitations period and he has not adequately pleaded facts to substantiate a continuing violation. The University, as an agency of the Commonwealth of Kentucky, is immune from suit under state law claims unless the General Assembly has expressly waived immunity. It has only done so for breach of contract claims in limited circumstances that are inapplicable here. Additionally, Williamson has not established that he is a third-party beneficiary to the alleged agreement at issue, meaning he lacks standing to bring this claim. As a result, he has failed to state a claim for which relief may be granted under any of the theories he has alleged. The Court should grant the University's Motion to Dismiss.

**Williamson's Amended Complaint does not state a claim for which relief may be granted.**

Williamson's Amended Complaint requires dismissal because he has failed to state claims for which relief may be granted. He alleges he was a student at the University of Louisville from 2015 to

2018 and that he paid tuition at the beginning of each semester.[1] He has a learning disability and needed additional time to complete assignments.[2] The University agreed to provide him this accommodation.[3]

Additionally, Williamson alleges he was a third-party beneficiary of "money and resources" accepted by the University from Indiana Vocational Rehabilitation and the Federal Pell Grant Program, both "specifically marked for [his] education."[4] He has not identified what language in either program allegedly confers this third-party beneficiary status nor has he identified an express written agreement entered into between the University and either agency.

He claims the University denied him additional time to complete an assignment for a particular course in the summer semester of 2018.[5] Allegedly as a result of this, he did not receive a passing grade in this course.[6] Following the semester, he filed a complaint with Office of Civil Rights, which was dismissed because he was not enrolled at the University.[7] He filed a grievance with the University and alleges he received a favorable ruling where the University allegedly agreed to issue a new DRC[8] Letter.[9] According to Williamson, he tried to enroll in classes in the fall of 2018 but the University issued him another DRC Letter he alleges was defective (although he does not state what was allegedly defective about this letter).[10] His Amended Complaint is silent about whether this allegedly defective letter prevented him from enrolling in courses for that semester. Williamson alleges the University later determined the second DRC Letter was defective but does not state how or why.[11]

---

[1] Amended Complaint, paragraphs 9, 10, 14.
[2] Amended Complaint, paragraphs 6, 8.
[3] Amended Complaint, paragraph 10.
[4] Amended Complaint, paragraphs 11-12
[5] Amended Complaint, paragraphs 14, 19, 20.
[6] Amended Complaint, paragraph 19.
[7] Amended Complaint, paragraphs 15, 24.
[8] Disability Resource Center.
[9] Amended Complaint, paragraphs 16-17.
[10] Amended Complaint, paragraphs 21-23.
[11] Amended Complaint, paragraphs 24-25.

On April 12, 2019, the University allegedly informed Williamson the letters were not defective and refused to provide him with a new letter; required him to repay money previously paid through Pell Grants; placed a hold on his transcripts; and refused to let him attend classes or to provide him unspecified accommodations unless he waived his rights under the ADA.[12] Williamson subsequently followed up with the University, who he claimed "considered the matter closed" and would not issue a new DRC Letter for him.[13] Williamson claims the University still has not provided him with a new DRC Letter, allowed him to attend classes (for which he has not enrolled), released his transcripts, or transferred his credits.[14]

From this set of facts, he alleges the University has breached multiple contracts for which he is a third-party beneficiary and engaged in disability discrimination in 2018 and 2019.[15] His Amended Complaint fails to state a claim for which relief can be granted under any of these theories and the Court should dismiss with prejudice his Amended Complaint.

**The Standard of Review Requires Dismissal of Williamson's Amended Complaint.**

Federal Rule of Civil Procedure 8(a)(2) requires a Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To state a valid claim, a Complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some *viable legal theory*."[16] But if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.[17] A claim for relief can survive a motion to dismiss only when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[12] Amended Complaint, paragraphs 29-33.
[13] Amended Complaint, paragraphs 34, 36.
[14] Amended Complaint, paragraphs 50-54.
[15] Amended Complaint, paragraphs 42-57 (Disability Discrimination); Amended Complaint, paragraphs 58-66 (Breach of Contract).
[16] *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis added).
[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] Even assuming the veracity of the allegations in the Amended Complaint, as the Court must at this stage, Williamson's claims are deficient as a matter of law and the Court should dismiss with prejudice his Amended Complaint.

**Argument and Authorities**

Williamson has failed to state a claim for which relief may be granted as all of his claims are barred as a matter of law. The Amended Complaint is clear that the conduct that forms the basis of his disability discrimination claim took place in the summer of 2018. Title II of the ADA utilizes Kentucky's one-year statute of limitations for personal injury. As a result, Williamson's claim for disability discrimination is time-barred. As to his second claim, the University is immune from suit for his breach of contract claim because this claim is not based upon a contract for which immunity has been waived. But even if Williamson could point to a valid waiver of immunity, he has not adequately pleaded that he is a third-party beneficiary under Kentucky law. Because Williamson has not alleged a viable claim against the University, the Court should dismiss with prejudice his Amended Complaint.

1. **Williamson's disability discrimination claim is barred by the statute of limitations.**

Williamson purports to assert a claim for disability discrimination under Title II of the ADA. "Title II of the ADA does not contain a limitations period, and under such circumstances, federal courts apply the most analogous state statute."[19] Courts have consistently held that claims under Title II of the ADA are subject to the state statute for personal injury. Kentucky's statute of limitations for personal injury is one-year. Williamson filed this action more than a year after the conduct at issue in his Amended Complaint. As a result, Williamson's claims are time-barred.

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).
[19] *Walker v. Wilson*, U.S. Dist. LEXIS 117388, *9 n. 1 (W.D. Ky. Jun. 14, 2005).

In *Southerland v. Hardaway Management Co.*,[20] the Sixth Circuit held that claims arising under the Rehabilitation Act were subject to the one-year statute of limitations in KRS § 413.140.[21] The Sixth Circuit reached this conclusion by relying upon the Supreme Court's decision in *Wilson v. Garcia*, where it held that a claim arising under 42 USC § 1983 was subject to the state statute of limitations for personal injuries.[22] In a later case, the Sixth Circuit recognized that the Rehabilitation Act and the ADA were similar in scope and purpose.[23] The similarity in these two statutes led the Western District of Kentucky to opine that claims under Title II of the ADA were governed by the same statute of limitations as the Rehabilitation Act – the one year statute of limitations for personal injury in KRS § 413.140.[24] In *Wood v. Maloney*,[25] the Western District of Kentucky held that claims asserted under Title II of the ADA were subject to the one-year statute of limitations under KRS §413.140.[26] In that case, the court dismissed the plaintiff's ADA claim as it was filed more than one year after the date of the injury.[27]

Since *Wood*, federal courts in Kentucky have consistently applied the one-year statute of limitations in KRS § 413.140 to claims arising under Title II of the ADA. In *McCormick v. Kendra*,[28] the Western District of Kentucky held that various claims asserted under Title II of the ADA were not brought within one year and, as a result, were barred by the one-year statute of limitations in KRS § 413.140.[29] In *Alja-Iz v. Ramsey*,[30] the plaintiff filed suit alleging disability discrimination under Title II of the ADA when he was denied admission into a PhD program. The Magistrate Judge in that case

---

[20] *Southerland v. Hardaway Management Co.*, 41 F.3d 250 (6th Cir. 1994).
[21] *Id.* at 253.
[22] *Id.*
[23] *McPherson v. Michigan High School Athletic Association*, 119 F.3d 453, 459 (6th Cir. 1996).
[24] *Walker v. Wilson*, U.S. Dist. LEXIS 117388, *9 n. 1 (W.D. Ky. Jun. 14, 2005).
[25] *Wood v. Maloney*, 2009 U.S. Dist. LEXIS 105566 (W.D. Ky. Nov. 12, 2009).
[26] *Id.* at *12-*13.
[27] *Id.*
[28] *McCormick v. Kendra*, 2017 U.S. Dist. LEXIS 60121 (W.D. Ky. Apr. 20, 2017).
[29] *Id.* at *21-*22.
[30] *Alja-Iz v. Ramsey*, 2017 U.S. Dist. LEXIS 213789 (W.D. Ky. Sept. 13, 2017).

determined that the plaintiff's claims under Title II were time-barred because he had filed suit more than one year after he was denied admission and recommended dismissal.[31] And, in *Phillips v. Ballard*,[32] the Eastern District of Kentucky held that various claims asserted under Title II of the ADA outside of one year from the date of the challenged conduct were barred by the statute of limitations.[33] These cases are clear that a plaintiff must file suit alleging violation of Title II of the ADA within one year from the date of the alleged harm. The factual allegations that form Williamson's claim of discrimination occurred well outside the statutory period. These events occurred well over a year before March 19, 2020 – the date Williamson initiated this lawsuit. That conduct cannot provide a factual basis for his claims and should be dismissed with prejudice.

Additionally, Williamson cannot rely on the continuing violation doctrine to justify any claim of discrimination that has been barred by the statute of limitations. The continuing violation doctrine is an equitable consideration that can be invoked in limited circumstances to extend liability on claims barred by the statute of limitations.[34] The claims generally fall into one of two categories: (1) where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation; and (2) where there has been a long-standing and demonstrable policy of discrimination.[35] Generally, the continuing violation doctrine only applies in employment discrimination claims, but the Sixth Circuit has suggested it has broader application in claims of discrimination.[36] Regardless, Williamson's Amended Complaint fails as a matter of law under either theory to toll the statute of limitations for his claim of disability discrimination as it occurred outside the limitations period.

---

[31] *Id.* at *19.
[32] *Phillips v. Ballard*, 2019 U.S. Dist. LEXIS 93206 (E.D. Ky. Jun. 4, 2019).
[33] *Id.* at *19-*20.
[34] *See EEOC v. Penton Indus. Pub. Co.*, 851 F.2d 835, 838 (6th Cir. 1988) (outlining the development and case law surrounding this equitable consideration for tolling the statute of limitations).
[35] *Id.*
[36] *See Gentry v. Renal Network*, 636 F. Supp. 2d 614, 618 (N.D. Ohio 2009) (citing *Burzynski v. Cohen*, 264 F.3d 611, 617 (6th Cir. 2001)).

Under the first theory, there must be at least one discrete discriminatory act that occurs within the statute of limitations period followed by similar discrete actions that establish a pattern.[37] This is most often seen in cases where disparate work assignments or unequal pay for equal work establishes such a pattern, with at least one similar discrete instance being within the limitations period.[38] In his Amended Complaint, Williamson does not allege he or anyone else was subject to the same discrete instances of discrimination. In 2018, while enrolled as a student, Williamson alleges that the University failed to provide him with additional time to complete a writing assignment in a class. In 2019, Williamson alleges that the University has not engaged in any similar actions, only that it would not release his transcripts (presumably to transfer to another school) or provide him with a different DRC Letter. These are entirely different and unconnected instances of conduct and insufficient to constitute a continuing violation.

Likewise, under the second theory, Williamson has failed to show any "over-arching policy of discrimination." This is most often seen in instances where an employer has a longstanding policy that treats groups differently, such as where an employer has repeatedly paid its male employees more than its female employees.[39] In that instance, where a complaint has adequately pleaded a long-standing policy, a court will infer a continuing violation has occurred and equitably toll the statute of limitations requirement.

However, in either case, "'[m]ere continuity' of injury is not sufficient to invoke the continuing violations doctrine."[40] In a case similar to this one, a student who alleged he was illegally denied accommodations by a university could not invoke the continuing violations doctrine because he had not adequately pleaded the existence of either a pattern of discriminatory conduct or a long-standing

---

[37] *See Deck v. City of Toledo*, 56 F. Supp. 2d 886, 893 (N.D. Ohio 1999) (*citing Haithcock v. Frank*, 958 F.2d 671, 678 (6th Cir. 1992)).
[38] *Id.*
[39] *Cobble v. Spalding Univ.*, No. 3:16-CV-00525-CRS, 2017 U.S. Dist. LEXIS 10897, at *9 (W.D. Ky. Jan. 26, 2017).
[40] *Id.*

7

practice of discrimination. In *Cobble v. Spalding University,* the plaintiff filed suit alleging discrimination in three separate claims: (1) Spalding University's alleged failure to provide adequate accommodations for his disabilities in the fall of 2014, (2) which led to his dismissal from the Ed.D Leadership program in January 2015, and (3) refusal to readmit him into the program in June 2016.[41] The plaintiff alleged that these claims were discrete acts that would justify an inference of a continuing violation. However, as the Court correctly determined, these were nothing more than continued effects of the same alleged act of discrimination that occurred outside of the limitations period, and did not adequately allege facts to support a claim of a continuing violation.

To this end, in his Amended Complaint, Williamson has merely alleged injuries that resulted from the underlying act of alleged discrimination in the summer semester of 2018. All other alleged acts of discrimination are related to this alleged act of discrimination and not the kind of separate acts or policies that must be alleged to support a continuing violation. Williamson needed to plead enough facts for the Court to draw an inference of a continuing violation under either method, and Williamson had failed to do that.

Likewise, repeated requests stemming from the same underlying alleged act of discrimination also cannot justify tolling the statute of limitations under the continuing violations doctrine.[42] The Sixth Circuit in *Gentry v. Renal Network*, in another failure to accommodate case, held that vague allegations of a continuing violation were insufficient to establish the requirement to invoke that doctrine:

> Allowing Plaintiff to pursue a continuing violation merely by alleging Defendants repeatedly refused to treat her would also frustrate the purpose behind the statute of limitations. Under Plaintiff's overly expansive view of the continuing violations doctrine, almost any claim could easily be renewed, thereby rendering all applicable statutes of limitations effectively useless.[43]

---

[41] *Id.* at *3-4.
[42] *See Gentry v. Renal Network*, 636 F. Supp. 2d 614, 618 (citing *Zdziech v. DaimlerChrysler Corp.*, 114 F. App'x 469, 472 (3d Cir. 2004)).
[43] *Id.*

Repeated requests and subsequent refusals are not discrete instances under the continuing violation doctrine. And because they are not, Williamson cannot use the doctrine to pursue claims for actions that allegedly occurred before March 19, 2019. Because Williamson has not alleged sufficient facts to justify a continuing violation, any claim that Williamson initially had that might have provided a basis for his claim is barred by the statute of limitations, and his claim should be dismissed

**2. The University is immune to Williamson's breach of contract claim.**

Williamson has not established the University of Louisville had a contract with Indiana Vocational Rehabilitation and the Federal Pell Grant Program that waives immunity. The University is immune from Williamson's breach of contract claim and this claim should be dismissed with prejudice.

The General Assembly has only waived immunity for breach of contract claims against a state agency under a narrow set of circumstances in the Model Procurement Code.[44] That waiver of immunity occurs only in certain circumstances where there is a "lawfully authorized written contract with the Commonwealth."[45] Equally important, the law waives immunity only to allow a plaintiff to "bring an action against the Commonwealth *on the contract*" and not for relief that is extra-contractual or quasi-contractual in nature.[46] In other words, "the statutory waiver of sovereign immunity must be read narrowly and only to claims based upon written contracts."[47] In other words, in order to assert a claim for breach of contract, Williamson must identify an express, written contract between him and the University.

Nothing in its underlying purposes and policies suggests the Model Procurement Code was intended to deal with contract claims arising from grant dollars awarded to a university. The Model

---

[44] KRS Chapter 45A.
[45] *University of Louisville v. Rothstein*, 532 S.W.3d 644, 650 (Ky. 2017).
[46] KRS 45A.245(1) (emphasis added).
[47] *Commonwealth v. Samaritan Alliance, LLC*, 439 S.W.3d 757, 762 (Ky. App. 2014) (emphasis added).

Procurement Code deals with purchasing between a private entity and an agency of the Commonwealth and imposes certain requirements on the manner in which contracts are "awarded," requiring competitive sealed bidding, negotiation, or small purchase procedures.[48] An alleged contract to offset the costs of attendance at a public University does not involve any sort of purchase by the Commonwealth and is not "awarded" in any of those manners; it is not "awarded" at all.

Applying this rationale, the Western District of Kentucky has previously rejected the idea that payment of tuition creates a contract for which immunity is waived under the Model Procurement Code. In *Campbell v. University of Louisville*,[49] the plaintiff filed suit against University of Louisville alleging, among other things, that the University had breached an alleged contract to provide him with in-state tuition.[50] In that case, as here, there was no written contract spelling out the alleged terms of this agreement.[51] As a result, the court determined the University had not "waived its immunity to claims . . . premised on alleged oral allegations[ ]"[52] and dismissed the breach of contract claim.[53]

The same result should apply here. Williamson has not sufficiently pleaded facts to support that he has standing to bring suit under the contract, let alone that the agreement is of the type that would result in a waiver of immunity under the Model Procurement Code. As a result, he has failed to state a claim for which relief can be granted and the Court should dismiss with prejudice his breach of contract claim.

### 3. Williamson has not alleged he is a third-party beneficiary to any agreement by the University.

Williamson claims that the University has breached unspecified agreements with the State of Indiana and the Federal Government, thus harming him as a third-party beneficiary. His Amended

---

[48] *See* KRS § 45A.075.
[49] *Campbell v. University of Louisville*, 862 F. Supp. 2d 579 (W.D. Ky. 2012).
[50] *Id.* at 584.
[51] *Id.* at 585.
[52] *Id.*
[53] *Id.*

Complaint is silent about what those alleged agreements are, how any conduct at issue here breached those agreements, or how Williamson (who is not a party to these alleged agreements) has standing to bring suit to enforce any alleged agreement. While Williamson claims to be a third party beneficiary to these alleged agreements, he has not sufficiently pleaded facts in his Amended Complaint that would allow the Court to infer that he was actually the intended third party beneficiary to an agreement that University had entered into for his benefit.

It has long been the law in Kentucky that an action for breach of contract can "be brought only by one who is a party to the contract."[54] A third party may assert standing to enforce a contract only if they were an intended third-party beneficiary. Under Kentucky law, there is a "presumption that the contracting parties did not intend to benefit a third party."[55] In order for Williamson to have standing to assert a claim for breach of contract, he must show "that the contract was made and entered into directly or primarily for the benefit of such third person"[56] – in this case, Williamson. To make this showing, Williamson must show that he was "intended by the parties to benefit from the contract, namely, [as] a donee or a creditor beneficiary . . . an incidental beneficiary does not acquire such right."[57] Intended beneficiaries are either creditor beneficiaries, for which the promisor's obligation is given by the promisee in satisfaction of a previous liability between the beneficiary and promise, or a donee beneficiary, for which the promisor's obligation is given as a gift by the promisee to the beneficiary.[58]

Absent this showing, Williamson is presumed to be merely an incidental beneficiary and lacks standing to bring this claim.[59] There are no facts in Williamson's Amended Complaint to identify what the alleged contract at issue is, much less to allow the Court to make the legal conclusion that these

---

[54] *Fidelity & Casualty Co. v. Martin*, 173 S.W. 307, 310 (Ky. 1915).
[55] *King v. National Industries, Inc.,* 512 F.2d 29, 32 (6th Cir. 1975).
[56] *Id.* (citing *Long v. Reiss*, 160 S.W.2d 668, 674 (Ky. 1942)).
[57] *Presnell Constr. Managers, Inc. v. EH Const. LLC,* 134 S.W.3d 575, 579 (Ky. 2004).
[58] *See Sexton v. Taylor Cty.*, 692 S.W.2d 808, 810 (Ky. App. 1985).
[59] *See Simpson v. JOC Coal, Inc.*, 677 S.W.2d 305, 307 (Ky. 1984) (citing *Ball v. Cecil*, 148 S.W.2d 273, 274 (Ky. App. 1941).

alleged agreements were entered into specifically for Williamson's benefit (as opposed to the benefit of students generally). The Court cannot simply presume this legal conclusion without any facts to support it.

Nevertheless, Kentucky law is clear that Williamson is not a third-party beneficiary to any alleged agreement between the University and the state of Indiana or the Federal Government. In *Long v. Reiss*,[60] the Court of Appeals of Kentucky determined that a corporation that had not been formed or organized at the time an agreement was entered into lacked standing to bring suit as a third-party beneficiary to that agreement. Generalized policies or agreements concerning Pell Grants or other state-sponsored financial aid similarly cannot be construed as being for Williamson's specific benefit.

There are no facts in Williamson's Amended Complaint to support his legal assertion that he is a third-party beneficiary to these alleged but unspecified agreements. He has failed to establish that he has standing to assert a breach of contract claim and, as a result, this claim should be dismissed with prejudice.

**Conclusion**

Williamson has not established a claim for disability discrimination that occurred within the one year statute of limitation under Kentucky law for such a claim. Likewise, he has not established that he is either a third-party beneficiary under Kentucky law, nor that any alleged contract that the University has entered into is subject to the Model Procurement Code, and any claim arising thereunder not subject to immunity.

Williamson has failed to state a claim for which relief may be granted and the Court should dismiss with prejudice his Amended Complaint in its entirety.

---

[60] *Long v. Reiss*, 160 S.W.2d 668 (Ky. 1942).

Respectfully submitted,

/s/Aaron Vance
Donna King Perry
Matthew Barszcz
Aaron Vance
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
E-Mail: Donna.Perry@dinsmore.com
E-Mail: Matthew.Barszcz@dinsmore.com
E-Mail: Aaron.Vance@dinsmore.com
*Counsel for Defendant University of Louisville*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the following attorney(s) of record:

W. Edward Skees, Esq.
THE SKEES LAW OFFICE
415 West 1st Street
New Albany, Indiana 47150
*Counsel for Plaintiff*

/s/Aaron Vance
*Counsel for Defendant University of Louisville*

17434296.2