UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00266-DJH-RSE

DALE WILLIAMSON                                                                    PLAINTIFF

VS.

UNIVERSITY OF LOUISVILLE                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are five motions filed by pro se Plaintiff Dale Williamson ("Plaintiff"). First is a motion to sanction and compel discovery. (DN 64). Defendant University of Louisville ("Defendant") has responded. (DN 70). Plaintiff has replied. (DN 72). Plaintiff next filed a motion for disability accommodations. (DN 66). Defendant has not responded, and the time to do so has passed. Plaintiff then filed a motion for sanctions against Edward Skees ("Skees"), his former attorney in this matter. (DN 69). Skees has filed a response. (DN 74). Plaintiff has not filed a reply, and the time to do so has passed. Fourth, Plaintiff filed a motion for an emergency hearing. (DN 73). The window for responding closed without a filing from Defendant. Lastly, Plaintiff filed a motion to add a supporting statement and evidence to support his previous motion for sanctions against Defendant. (DN 75; *see* DN 64). Defendant has responded. (DN 76). Plaintiff has not replied, and the time to do so has passed. Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge referred this matter to the undersigned United States Magistrate Judge for determining all pretrial matters, including non-dispositive motions. (DN 22).

I. First Motion for Sanctions

First, Plaintiff asks the Court to sanction Defendant for "misrepresenting facts or not truthfully and fully answering . . . Interrogatories." (DN 64, at PageID # 388). The motion further requests that the Court compel Defendant to "properly" answer the complaint, answer interrogatories, produce requested documents in PDF format, and make all related staff members available for depositions. (*Id.*, at PageID # 391). Plaintiff also asks for sanctions against Defendant and for the Court to extend discovery. (*Id.*).

a. Answer

Plaintiff's request for the Court to compel Defendant to answer the Complaint is without merit. (*See* DN 64, at PageID # 391). Defendant filed an Answer on June 10, 2021. (DN 24). The Answer addressed each allegation of the Amended Complaint and raised affirmative defenses. (*Id.*).

b. Interrogatories

Plaintiff additionally asked for the Court to compel Defendant to "fully and truthfully answer" all interrogatories. (DN 64, at PageID # 391). Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure when "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(iii), (iv). Under this Rule, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Simply disagreeing with an interrogatory response is not grounds for granting a motion to compel. *Bradford v. Owens*, No. 3:11-cv-P488-S, 2014 WL 3513182, at *2 (W.D. Ky July 15, 2014) (citing *Grant v. Target Corp.*, No. 2:10-cv-823, 2013 WL 5366102, at *3 (S.D. Ohio Sept. 24, 2013) ("[A] motion to compel is not the correct way for [Plaintiff] to argue about the factual accuracy of [the Defendant's] responses."); *Stukes v. Chertoff*,

2

No. 3:06 CV 316, 2008 WL 178468, at *1 (W.D.N.C. Jan. 18, 2008) ("Plaintiff's disagreement with the substance of Defendant's responses does not constitute a factual basis for a meritorious Motion to Compel as a matter of law.")). The party seeking discovery bears the burden of proving that a discovery response is inadequate. *Shadburne v. Bullitt Cnty.*, No. 3:17-cv-130-DJH, 2017 WL 6391483, at *2 (W.D. Ky. Dec. 14, 2017) (citing *Equal Rights Center v. Post Props, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)).

Plaintiff restates eleven interrogatory requests and Defendant's answer to those requests. (DN 64). Plaintiff then states why he takes issue with Defendant's answers. (*Id.*). Plaintiff objects to Defendant's answer to Interrogatory Numbers ("Int. Nos.") 5, 10, and 22, as well as Revised Int. Nos. 4, 5, 11, 14, 15, 18, 19, and 20. (*Id.*).

As to Int. Nos. 5 and 22 and Revised Int. Nos. 4, 5, 11, 14, 15, and 20, Plaintiff contests the substance of Defendant's answer. (*Id.*). While Plaintiff argues each of these answers are incomplete or inaccurate, Defendant contends its responses addressed each of the posed questions. (*Id.*). For example, Int. 5 asked Defendant to "[i]dentify all individuals who . . . may have had knowledge about the allegations" in this case. (*Id.*, at PageID # 388–89). Defendant listed four individuals, but Plaintiff claims two additional people should have been named in Defendant's response. (*Id.*). Further, Int. 22 asked Defendant to explain the "justifications, motives and/or reasons for each change made to the contents/substance of Plaintiff's DRC Letter[.]" (*Id.*, at PageID # 389). Defendant stated that the amendments were done "at [Plaintiff's] request to clarify perceived ambiguities," and Plaintiff objects that there were other reasons for changing the letter. (*Id.*). This pattern continues with Revised Int. Nos. 4, 5, 11, 14, 15, and 20. Despite Plaintiff's contentions, the Court deems Defendant's answers as responsive to these interrogatories. Because mere disagreement with the substance of interrogatory responses does not constitute a basis for a

successful motion to compel, Plaintiff's arguments as to Int. Nos. 5 and 22, and Revised Int. 4, 5, 11, 14, 15, and 20 lack merit.

Plaintiff also challenges Defendant's objection to Int. No. 10. (DN 64, at PageID # 389). This interrogatory asks for details about Defendant's "HR Department" training on disability accommodations "to ensure Plaintiff received a fair hearing." (*Id.*). Defendant objected to the request as being beyond the scope of the case, as Plaintiff "was not an employee of the University and not subject to any sort of employment policies." (*Id.*). Defendant also stated it was unaware of Plaintiff ever requesting or receiving a hearing. (*Id.*). Plaintiff argues that because, as a student, he "is a human and a resource that [Defendant] benefited from," he was subject to Defendant's HR policies. (*Id.*). The information Plaintiff seeks with this interrogatory is relevant to the University's employees, not students. Because Defendant never employed Plaintiff, he was not subject to its Human Resource policies. Further, although Plaintiff asks for information about hearing procedures, he seemingly never requested a hearing. (*Id.*). Therefore, the Court finds Defendant's response to this interrogatory is valid, and Plaintiff's challenge fails.

Next, Plaintiff objects that Defendant has "failed to answer" one of the numerous questions contained in Revised Int. No. 18. (DN 64, at PageID # 390–91). Defendant's response contains multiple references to outside documents that the Court cannot access. (*Id.*). While these external documents may address why it "refused to remove additional wording" in Plaintiff's disability accommodations, Defendant did not directly address this question in its interrogatory response. Defendant must supplement its answer within fourteen days. (*Id.*).

Lastly, Plaintiff alleges that Defendant failed to answer Revised Int. No. 19. (*Id.*, at PageID # 391). In its Response, Defendant states it responded to the Revised Set of Interrogatories on July

4

29, 2022 but does not provide the answer it gave to Revised Int. No. 19. (DN 70, at PageID # 413). If Defendant did not respond to this interrogatory, it must do so within fourteen days.

    c. Production

Plaintiff also demands discovery documents in both hard copy and "text pdf" format. (DN 64, at PageID # 391). Defendant maintains that it has produced documents "in hard copy" and digitally "in their native format." (DN 70, at PageID # 414). As it pertains to digital production, Defendant understands the motion as a request to change the format of the documents to make the text searchable, allowing Plaintiff to easily scan the document for certain words or phrases. (DN 70, at PageID # 414).

In response to production requests, parties must produce any responsive documents in their possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Further, "a party must produce [documents] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). To the extent that Plaintiff may be requesting Defendant to alter the format of produced documents, Defendant need not comply. It has produced the requested documents in the condition that they were ordinarily maintained, and Plaintiff fails to show how this condition is not reasonably usable. (*See* DN 70, at PageID # 414).

    d. Depositions

Plaintiff next asks the Court to compel Defendant to "[m]ake all staff [whose] names are in emails and discovery documents available for depositions." (DN 64, at PageID # 392). Defendant contends that Plaintiff has failed to make any showing as to why so many individuals need to be deposed. (DN 70, at PageID # 415). Defendant additionally states that Plaintiff took only four depositions during discovery—notably less than the limit imposed by the federal rules. (*Id.*).

The Federal Rules of Civil Procedure restrict each party to taking only ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). When parties request leave for additional depositions, courts must consider the Federal Rule of Civil Procedure 26(b) factors, which include: "(1) whether the additional depositions would be unreasonably cumulative or duplicative . . . ; (2) whether the moving party has had ample opportunity to obtain the information by discovery; and (3) whether taking additional depositions would be proportional to the needs of the case." *Profitt v. Highlands Hosp. Corp.*, No. 7:19-cv-15-KKC-EBA, 2021 WL 787131, at *1 (E.D. Ky. 2021) (citing *Hadfield v. Newpage Corp.*, No. 5:14-cv-00027-TBR-LLK, 2016 WL 427924, at *4 (W.D. Ky. Feb. 3, 2016)). A party's request for additional depositions must make "a particularized showing why extra depositions are necessary." *Id.* (citations omitted).

The Court will construe Plaintiff's request as seeking leave for additional depositions. However, beyond simply asking the Court for permission to depose anyone named in documents produced in discovery, Plaintiff makes no showing of the necessity for such a sweeping request. Plaintiff's motion fails to name even one person who he seeks to depose. Allowing Plaintiff to depose everyone whose name appears in discovery would undoubtedly be duplicative and beyond the proportional needs of the case. Therefore, the Court will deny this request.

    e.  Sanctions

Federal Rule of Civil Procedure 37(d) empowers a court to issue various sanctions against a party for failing to cooperate with the discovery process. Fed. R. Civ. P. 37(d). The Court "may, on motion, order sanctions" if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." *Id.* at (d)(1)(A)(ii). The rule warrants sanctions when a party "culpably fails" to comply with a discovery request. *Robinson v. Henderson*, No. 5:18-cv-70, 2019 WL 13217264, at *2 (W.D. Ky. May 24, 2019) (citing *Roadway*

*Exp., Inc. v. Piper*, 447 U.S. 752, 734–64 (1980)). Further, the federal rules require a movant to "include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

The title of Plaintiff's motion implies he seeks sanctions against Defendant, but he fails to offer an argument to support this request or state the sanction he is seeking. (DN 64, at PageID # 388). Further, as determined above, Defendant has cooperated with the discovery process. It has produced documents and responded to numerous Interrogatory Requests. While Defendant may need to supplement answers to some interrogatory responses, such does not amount to culpably failing to cooperate with the discovery process. Further, Plaintiff does not offer the required certification of any extrajudicial attempts to settle these discovery disputes with Defendant. The Court will not sanction Defendant.

  f. Discovery Extension

Plaintiff additionally asks the Court to "[e]xtend discovery 30 days after [Defendant] has complied with [the C]ourt's order." (DN 64, at PageID # 391). Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because the Court will only grant this motion to compel as it pertains to two interrogatory requests, good cause does not exist for a 30-day extension. The Court will extend the discovery deadline by fourteen days only for the limited purpose of Defendant supplementing its interrogatory responses as identified above.

## II. Motion for Accommodations

Next, Plaintiff filed a Motion for Disability Accommodations. (DN 66). Plaintiff asks the Court to: (1) provide oral hearings on all pending motions; and (2) appoint counsel to act as a

7

scribe to correct written errors on his motions and act as a legal assistant to Plaintiff. (*Id.*, at PageID # 402). To support these requests, he invokes the due process clause and Title II of the Americans with Disabilities Act ("ADA").

    a.  Oral Hearing

Due process demands that litigants be given "a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971); U.S. CONST. amend. XIV. It "does not, of course, require that [parties] in every civil case actually have a hearing on the merits." *Id.*, at 378. Instead, "the Constitution [requires] an opportunity . . . granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." *Id.* (citations omitted). "[W]ithin the limits of practicability" courts must afford all individuals their meaningful opportunity to be heard. *Id.*

Title II of the ADA serves as a "prophylactic measure," meant to safeguard the rights of persons with disabilities in the administration of justice. *Tennessee v. Lane*, 541 U.S. 509, 533 (2004). In *Lane*, the Supreme Court held that courthouses violated Title II if their lack of elevators prevented wheelchair-bound parties from accessing courtrooms. *Id.* The Court in *Lane* sought to protect a party's ability to engage and be present for relevant court proceedings. *Id.*

Plaintiff asserts his disability, which affects his ability to communicate through writing, requires oral hearings so that he can "have full access to the court." (DN 66, at PageID # 402). However, Plaintiff has sufficiently communicated his arguments to the Court through his various motions. Unlike the respondents in *Lane*, who were jailed after being physically unable to attend mandatory criminal hearings, Plaintiff has been capable of participating in this judicial process. *See* 541 U.S., at 514. The Court has understood the purpose behind each of Plaintiff's motions,

8

and Plaintiff has been able to communicate his arguments in writing. An oral hearing is not necessary.

    b. Right to Counsel

The Constitution does not guarantee the right to counsel in civil cases. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 1993). However, courts have discretion to appoint counsel under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993); *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011). In determining if exceptional circumstances exist, courts have considered "the type of case and the abilities of the plaintiff to represent himself." *Lovado*, 922 F.2d at 606 (citing *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). Evaluating the type of case "involves a determination of the complexity of the factual and legal issues involved." *Id.* (citing *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)). Plaintiffs carry the burden of showing an exceptional circumstance exists and must also show a lack of financial means to afford an attorney. *Id.*; *Jones v. Stryker*, No. 3:19-cv-398-TAV-DCP, 2019 WL 5549213, at *1 (E.D. Tenn. Oct. 25, 2019) (citing *Brubaker*, 801 F. Supp. 2d at 763).

The Americans with Disabilities Act ("ADA") "requires reasonable accommodations for persons with disabilities, to provide them an even playing field." *Bedford v. Michigan*, 722 F. App'x 515, 519 (6th Cir. 2018). However, the ADA "does not require that disabled persons be treated preferentially or necessarily be given the accommodations of their choice." *Id.* at 520.

Nothing has changed since the Court's May 2, 2022 Order (DN 53), which denied a similar request by Plaintiff (DN 43). In that motion, Plaintiff requested either a disability advocate or counsel "to oversee and assist" him in this suit. (*Id.*, at 296). The Court noted that the case "has not been deemed complex, and [Defendant] has represented himself competently." (DN 53, at PageID # 370).

Plaintiff continues to not meet the burden of demonstrating financial need. Plaintiff offers no evidence of a financial need for appointed counsel. Plaintiff previously retained a private attorney but fired him due to irreconcilable differences about "necessary motions," not because of an inability to finance legal aid. (DN 43, at PageID # 296). Plaintiff offers nothing to show he would be unable to again hire a private attorney.

Additionally, exceptional circumstances still do not exist in this case. Plaintiff claims because he is considered a qualified person under the ADA, he is entitled to accommodations regardless of the complexity of the case. (DN 66, at PageID # 402). However, since Plaintiff began representing himself pro se, he has managed to file numerous motions and communicate his arguments to the Court. (*See, e.g.*, DN 64; DN 66; DN 69; DN 73). Plaintiff has competently represented himself, and his status under the ADA has had no impact on his ability to pursue his claims. Plaintiff may choose to retain counsel again; however, the Court still finds no basis for appointment of counsel.

### III. Second Motion for Sanctions

Next, the Court will consider Plaintiff's other Motion for Sanctions, which pertains to Plaintiff's former attorney Edwards Skees ("Skees"). (DN 69, at PageID # 410). Plaintiff alleges Skees breached his ethical duties in two regards. (*Id.*). First, he asserts Skees "refused" to follow Plaintiff's request to file the complaint in the Southern District of Indiana. (*Id.*). Second, Plaintiff claims Skees did not notify him of Defendant's responses and did not adequately file replies in a timely manner. (*Id.*). Plaintiff asks the Court to hand down any "[d]isciplinary action that th[e] court feels is appropriate." (*Id.*). Skees filed a Response to the Motion, standing by his actions, and asserting that, regardless of the merits of Plaintiff's complaints, this Court is not the proper avenue for Plaintiff to pursue these grievances. (DN 74).

Putting aside whether Plaintiff's complaints have merit, the Court cannot address these allegations. Previously, the Court excused Skees of his duties in this case and stated that he had "no further responsibilities in this case." (DN 36). While the Federal Rules of Civil Procedure empower courts to sanction parties for making misrepresentations or failing to cooperate with discovery, they do not empower courts to sanction attorneys for tactical decisions or attorney-client disputes. *See* Fed. R. Civ. P. 11, 37. If Plaintiff wishes to pursue these claims, he will need to do so separately.

### IV. Motion for an Emergency Hearing

Plaintiff also moved to hold an emergency hearing on his motion for accommodations and motion to sanction Defendant. (DN 73). Plaintiff states that "since discovery is over UofL's counsel must now properly respond to [the] complaint." (*Id.*, at PageID # 434). Williams previously made a similar request for a hearing on various motions (DN 42) which this Court denied (DN 53).

Nothing indicates there is an urgent need to resolve these pending motions. Instead, this motion appears to be an attempt to expedite the Court's rulings. However, these motions have either been fully briefed or the time for additional filings has elapsed, and the Court has ruled on them above. The Court need not hold an additional hearing on these matters.

### V. Motion to Add Supporting Statement

Lastly, Plaintiff filed a "Motion to Add Supporting Statement and Evidence to Sanction the University." (DN 75). This Motion is an improper attempt to amend his Motion to Sanction Defendant and add numerous exhibits. (*See* DN 69). Because the parties have now fully briefed that motion, and Plaintiff has provided no explanation for why this amendment is now necessary

or why he could not initially include the exhibits in his motion, allowing an amendment at this time would be improper. Thus, the Court will deny this Motion.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (DN 64) is **GRANTED in part** and **DENIED in part** to the extent outlined above. Defendant University of Louisville will have **fourteen (14) days** to comply with the directives of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Disability Accommodations (DN 66), Motion for Sanctions (DN 69), Motion for an Emergency Hearing (DN 73), and Motion to Add a Supporting Statement (DN 75) are **DENIED.**

Copies:	Counsel of Record
	Plaintiff, *pro se*
	William Edward Skees, 415 W. First Street, New Albany, IN 47150