UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00266-DJH-RSE

DALE WILLIAMSON                                                              PLAINTIFF

VS.

UNIVERSITY OF LOUISVILLE                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are three motions filed by pro se Plaintiff Dale Williamson ("Plaintiff"). First is a Motion for Expedited Hearing. (DN 89). Defendant has not responded, and the time to do so has passed. Next is a Motion to Waive Right to Jury Trial for Bench Trial. (DN 90). Defendant again did not respond, and the time to do so has passed. Lastly, Plaintiff filed a Motion for Sanctions. (DN 91). Defendant has responded. (DN 92). Plaintiff then filed a Reply (DN 93) and an Amended Reply (DN 94). Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge referred this matter to the undersigned United States Magistrate Judge for determining all pretrial matters, including non-dispositive motions. (DN 22).

### I. Motion for Expedited Hearing

Plaintiff moves to hold an expedited hearing on his summary judgment motion. (DN 89; *see* DN 86). Plaintiff's pending summary judgment motion relates only to his claim of disability discrimination.[1] (DN 86; *see* DN 14). Plaintiff has previously made similar requests for urgent hearings on various motions (DN 42; DN 73) which this Court denied (DN 53; DN 81).

---

[1] Both Plaintiff's pending Summary Judgment Motion (DN 86) and Motion for an Expedited Hearing (DN 89) refer to "Count II Disability Discrimination." However, Count I of Plaintiff's Amended Complaint holds the discrimination claim. (*See* DN 14, at PageID # 81–83).

As with the previous requests, Plaintiff again fails to present a compelling argument for holding a hearing, and this request instead appears to be an attempt to expedite this Court's ruling on his motion. The parties have fully briefed the motion, and thus it is ripe for the Court's review. If the Court needs further argument on the motion, it will call a hearing itself. Because a hearing is not needed at this time, the Court will deny this motion.

## II. Motion for Bench Trial

Next, Plaintiff filed a Motion to Waive Right to Jury Trial for Bench Trial. (DN 90). Rule 38 of the Federal Rules of Civil Procedure grants the right to a jury trial upon demand. Fed. R. Civ. P. 38(b). The Rule states that "[a] proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d).

Both Plaintiff's original Complaint (DN 1-1, at PageID # 11) and Amended Complaint (DN 14, at PageID # 84) contain proper jury demands. Thus, for Plaintiff's demand to be withdrawn, both parties must consent. *See* Fed. R. Civ. P. 38(b). While Plaintiff has moved to waive his jury demand, Defendant has not consented. Because both parties must consent to withdraw a jury demand, the Court will also deny this motion.

## III. Motion for Sanctions

Lastly, Plaintiff filed a Motion for Sanctions, pertaining to both Defendant and its counsel. (DN 91). Specifically, Plaintiff alleges that Defendant has forged documents and not complied with discovery requests. (*Id.*, at PageID # 815–16). In response, Defendant maintains that it did not forge any documents and that it has fulfilled the demands of discovery. (DN 92, at PageID # 823). Further, Defendant states this Court's previous decision supports their assertion, and Plaintiff's confusion about an interrogatory request should have been cleared up by email

2

correspondence and deposition testimony. (*Id.*, at PageID # 823–25). In his reply, Plaintiff restates ethics rules that he alleges Defendant and its counsel violated. (DN 93, at PageID # 840–44).

Federal Rule of Civil Procedure 37 empowers a court to issue various sanctions against a party for misbehavior during the discovery process. Fed. R. Civ. P. 37(b). Additionally, the moving party must certify that they have "in good faith conferred or attempted to confer with the party [allegedly] failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

As an initial matter, Plaintiff did not include the required certification that he attempted to confer with Defendant over these issues. For that reason alone, Plaintiff's motion is deficient. However, the Court will still examine the merits of Plaintiff's grievances.

As to the accusations of forgery, Plaintiff claims that an update to his disability accommodations letter was forged. (DN 91, at PageID # 815; *see* DN 92-1; DN 92-2). The DRC emailed Plaintiff a copy of the letter on January 7, 2019, after having an in-person discussion with him about the updates. (DN 92-1; DN 92-2). When Plaintiff took the deposition of Brian Holahan, director of Defendant's Disability Resource Center ("DRC"), he asked him about this letter. (DN 92-3, at PageID # 834–37). Holahan explained that the letter contains his signature even though another DRC employee drafted it because of his role as coordinator of the DRC. (*Id.*, at PageID # 834). When Plaintiff pressed Holahan for the name of the letter's drafter, Holahan could not give him a definitive answer. (*Id.*, at PageID # 834–35). Plaintiff contends that this unknown author inappropriately altered the wording of his accommodation letter, and he asks the Court to issue sanctions for this alteration. (DN 94, at PageID # 846–48).

Importantly, Plaintiff does not contend that the letter produced in discovery differs from the letter he received from the Disability Resource Center in 2019. (*Id.*). Put differently, he does

3

not allege that, once this suit commenced, Defendant doctored the letter relevant to Plaintiff's claims. (*Id.*). Instead, Plaintiff takes issue with the fact that DRC altered the letter at all. (*Id.*). He claims that the updates amount to a "forgery." (*Id.*).

Plaintiff's accusations regarding the DRC letter update do not in any way involve the discovery process. Instead, these allegations implicate actions prior to this suit's filing and go to the merits of Plaintiff's claim. As such, the Court finds it inappropriate to assess these claims at this stage. The Court will not sanction Defendant for producing the letter in its original form.

Next, Plaintiff takes issue with Defendant's response to Interrogatory No. 11. (DN 91, at PageID # 815–16). Specifically, Plaintiff argues that Defendant has been "less[ ] than forthcoming" and has "with[held] facts" by not providing any emails between the Office of Financial Aid and professors, (*Id.*, at PageID # 816). Defendant maintains that it has "fully and appropriately responded" to the interrogatory request. (DN 92, at PageID # 823–25).

In full, Interrogatory No. 11 asks, "As part of UofL's withdraw policy did the UofL's Bursar office contact/email professors of ECON 202, BSTA 301, and if so did professors of ECON 202, BSTA 301 reply to Bursar office contact/email?" (DN 91, at PageID # 816). In response, Defendant stated, "No. Professors are not notified of the withdrawal of a student but they are able to view and refresh their course rosters as students withdraw during the semester." (*Id.*). Plaintiff previously flagged this response, amongst others, when he asked the Court to compel Defendant to "properly" answer numerous interrogatories. (DN 64, at PageID # 391). The Court then deemed Defendant's response to Interrogatory No. 11 sufficient. (DN 81, at PageID # 762–63).

In email correspondence with Defendant's counsel, Plaintiff had asked for clarification on its response to Interrogatory No. 11 and why Defendant failed to produce emails between professors and the Office of Financial Aid. (DN 91, at PageID # 816). Defense counsel highlighted

that the interrogatory pertained to the Bursar's Office and that the Bursar's Office and the Office of Financial Aid are "different offices in different departments within the University." (*Id.*). Despite receiving this response from Defense counsel while discovery was still open, Plaintiff never submitted additional discovery requests for correspondence from the Office of Financial Aid.[2]

Now, however, he asks the Court to sanction Defendant for its response to the interrogatory. The Court will not do so. As the Court has previously determined, Defendant adequately responded to Interrogatory No. 11. (*See* DN 81, at PageID # 762–63). The Court will not sanction Defendant for sufficient interrogatory responses.

### ORDER

**IT IS ORDERED** that Plaintiff's Motion for Expedited Hearing (DN 64), Motion to Waive Right to Jury Trial for Bench Trial (DN 90), and Motion for Sanctions (DN 91) are **DENIED**.

Copies:    Counsel of Record
           Plaintiff, *pro se*

---

[2] The parties exchanged these emails on August 3, 2022, and discovery did not close until September 1, 2022. (*See* DN 91; DN 55). Plaintiff had nearly a month to request additional information from Defendant and failed to do so.